UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK J. BLOODWORTH,<br><br>             Plaintiff,<br>v.<br>E. ROMERO, M.D., et al.,<br><br>             Defendants. | Civil No.11cv1440-DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION REQUESTING APPOINTMENT OF COUNSEL FOR MINOR CHILDREN**<br><br>[Doc. No. 64.] |

Before the Court is Plaintiff's motion requesting appointment of counsel for his three minor children in this action. Having considered Plaintiff's arguments, the Court **HEREBY DENIES** the motion.

**BACKGROUND**

Plaintiff, Derek Bloodworth, proceeding *pro se*, filed this 42 U.S.C. § 1983 civil rights action on June 30, 2011 based on a "near fatal" stroke and subsequent treatment he suffered while in custody at the Imperial County Jail and at the R.J. Donovan Correctional Facility as a pretrial detainee. Plaintiff alleges medical malpractice by medical staff at the jail and at the prison, as well as deliberate indifference to medical need in violation of the Eighth Amendment, and violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395 by the two hospitals that refused to transfer Plaintiff to Sharp Memorial Hospital for further necessary care.

On January 30, 2012, Plaintiff filed a motion to appoint counsel for his three minor children.

## DISCUSSION

Plaintiff asserts his children have been deprived of their "constitutional right to familial association, society, and companionship, in violation of the Fourteenth Amendment." [Doc. No. 64 at 4.] Plaintiff further describes the children's loss as "[deprivation of] the care, companionship, and emotional support of their father and have experienced and continue to experience great mental and emotional pain and suffering." Essentially, Plaintiff seeks appointment of counsel for his children to assist them in a loss of consortium claim.

Although the Court recognizes that a parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer, such appointment is inappropriate in this case for the reasons stated below. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (parent cannot bring lawsuit on behalf of minor without lawyer) citing *Osei-Afriyie v. Medical College*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2d. Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curium).

In the first instance, not only are Plaintiff's children not named as parties in the Complaint but Plaintiff has asserted no derivative claims in his Complaint. Plaintiff's First Amended Complaint included causes of action for negligence, intentional infliction of emotional distress, medical malpractice, and cruel and unusual punishment. In fact, this motion is the first time Plaintiff has raised the issue of his children's interests.

Additionally, appointment of counsel for the minor children would be futile as they do not have a viable loss of consortium claim. "An individual's capacity to sue is determined by the law of the individual's domicile." *Johns,* 114 F.3d at 877. Under California law, children cannot maintain a cause of action for loss of parental consortium. *Borer v. American Airlines, Inc.*, 19 Cal.3d 441, 444 (1977). In *Borer*, the nine children of Patricia Borer sought damages for loss of their mother's services, society, companionship, affection, tutelage, direction, guidance, instruction, and aid in personality development when she was struck by a lighting fixture cover at the American Airlines terminal at Kennedy Airport. *Id.* at 445. The court concluded that the payment of damages for loss of consortium of a parent "neither truly compensates for such loss nor justifies the social cost in attempting to do so." *Id.*

In reaching this conclusion, the court discussed several policy reasons which opposed extending liability to cover the parent-child context:

> "Loss of consortium is an intangible, nonpecuniary loss; monetary compensation will not enable plaintiffs to regain the companionship and guidance of a mother; it will simply establish a fund so that upon reaching adulthood, when plaintiffs will be less in need of maternal guidance, they will be unusually wealthy men and women. To say that plaintiffs have been 'compensated' for their loss is superficial; in reality they have suffered a loss for which they can never be compensated; they have obtained, instead, a future benefit essentially unrelated to that loss." *Id.* at 447.

Moreover, the court in *Borer* was concerned that the public would be burdened with higher insurance premiums, and that the cost of administration would be expensive, because every injury to a parent would trigger an action for loss of consortium. Further, the court reasoned that the difficulty in defining and quantifying damages would lead to a risk of double recovery: "to ask the jury, even under carefully drafted instructions, to distinguish the loss to the mother from her inability to care for her children from the loss to the children from the mother's inability to care for them may be asking too much." *Id.* at p. 448. Considering these factors, the court concluded there were strong reasons for refusing to recognize the parental consortium cause of action. *Id.*

Thus, under existing California law, Plaintiff's minor children have no claim for loss of consortium. Accordingly, the Court **DENIES** Plaintiff's motion requesting appointment of counsel for his minor children.

**IT IS SO ORDERED.**

DATED: February 9, 2012

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court