1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

DEREK J. BLOODWORTH,

CASE NO. 11cv1440 DMS (NLS)

12

                            Plaintiff,

13

          vs.

**ORDER GRANTING
PLAINTIFF'S MOTION TO FILE
A SECOND AMENDED
COMPLAINT**

14
15

JOSE ROCAMORRA, M.D., et al.,

**[Docket Nos. 42, 43, 45, 46, 91, 99,
102, 106]**

16

                            Defendants.

17
18

     This matter comes before the Court on Plaintiff's motion for leave to file a Second Amended

19

Complaint.  Defendants Narayana Gunda, M.D., City of El Centro and County of Imperial, Imperial

20

County Sheriff's Office and Sheriff Ray Loera filed oppositions to the motion.  Plaintiff did not file a

21

reply.  For the reasons discussed below, the Court grants Plaintiff's motion.

22

# I.

23

# BACKGROUND

24

     Plaintiff Derek J. Bloodworth is a former pretrial detainee of the Imperial County Jail ("ICJ").

25

(First Am. Compl. ("FAC") ¶ 31.)  While he was in custody, he experienced difficulty breathing, and

26

complained to prison medical personnel.  (*Id.*)  Dissatisfied with their response, Plaintiff complained

27

to a guard, who took Plaintiff to the medical unit where he received an EKG.  (*Id.* ¶33.)  From the

28

medical unit, Plaintiff was rushed to the emergency room at Pioneer Memorial Hospital ("PMH), where

1   he was diagnosed with "Congestive Heart Failure, cardiomegaly and pulmonary congestion, edema,

2   nonsustained life-threatening recurrent Ventricular Tachycardia, abnormal EKG and Atrial fibrillation."

3   (*Id.* ¶ 36.)

4        Plaintiff was subsequently returned to the custody of the ICJ, where he was placed in the medical

5   unit.  (*Id.* ¶ 104.)  Plaintiff thereafter suffered a stroke.  (*Id.* ¶ 113.)  He was rushed to El Centro

6   Regional Medical Center ("ECRMC") for treatment, after which he was returned to ICJ and then

7   transferred to Richard J. Donovan Correctional Facility ("Donovan"), and later released.

8        After his release, Plaintiff was examined by Jose Rocamorra, M.D., who had treated Plaintiff

9   while he was at PMH.  Dr. Rocamorra recommended that Plaintiff go to Sharp Memorial Hospital

10  ("SMH") for treatment, which he did.  Upon presentation at SMH, Plaintiff was immediately sent for

11  surgery, during which an angiogram was performed and a cardioverter defibrillator was implanted in

12  Plaintiff's heart.  (*Id.* ¶¶ 183-84.)

13       On June 30, 2011, Plaintiff filed the present case against Defendants Rocamorra, Carmen

14  Velasquez, M.D., Prabhdeep Singh, M.D., Narayana Gunda, M.D., the Imperial County Sheriff's Office,

15  ICJ, Nurse Robles, PMH, ECRMC, the Chief Medical Officer at Donovan, and other unnamed

16  individuals.  In his original Complaint, Plaintiff alleged claims for negligence, violation of the Eighth

17  Amendment (cruel and unusual punishment), violation of California Government Code § 845.6 and

18  violation of the Emergency Medical Treatment and Labor Act.

19       On January 17, 2012, Plaintiff filed a First Amended Complaint in which he identified E.

20  Romero as the Chief Medical Officer at Donovan.  Plaintiff also amended his Complaint to allege

21  additional claims for medical malpractice, violation of the Fourteenth Amendment, violations of

22  California Government Code §§ 844.6(d) and 815.6, violation of California Health and Safety Code §§

23  1317, *et seq.*, violation of California Welfare and Institutions Code § 15657, negligent infliction of

24  emotional distress and intentional infliction of emotional distress.  Plaintiff settled his claims against

25  Defendants Rocamorra, Singh, Robles, PMH and Romero.  The remaining Defendants have filed

26  motions to dismiss the FAC, which are either pending or are scheduled for hearing before this Court.

27       After certain of those motions were submitted without opposition, Plaintiff filed the present

28  motion for leave to file a Second Amended Complaint.

## II.

### DISCUSSION

Plaintiff seeks leave to file a Second Amended Complaint to add a new defendant, "streamline" the allegations against the remaining Defendants and adjust his theory of liability. Defendants oppose Plaintiff's motion on the grounds that (1) there are pending motions to dismiss the First Amended Complaint, (2) Plaintiff unduly delayed seeking amendment, (3) which gives rise to a risk of undue prejudice and (4) Plaintiff's proposed amendments would be futile.

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.* -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052. The liberal policy favoring amendments to pleadings applies "even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

Here, Defendants rely heavily on the fact that this is Plaintiff's second request for leave to amend. However, that fact does not weigh in favor of denying Plaintiff's request. Federal Rule of Civil Procedure 15(a) allows for amendment "once as a matter of course." Fed. R. Civ. P. 15(a). Plaintiff took advantage of that opportunity provided by the Federal Rules, and it should not be held against him on this motion.

Second, Defendants point out they have all filed motions to dismiss the First Amended Complaint, some of which Plaintiff failed to oppose and are pending disposition by the Court. The

Court is aware of these facts, and the time and expense put into these motions. However, these motions do not warrant denial of Plaintiff's request. Although Plaintiff did not oppose the pending motions, this is not a case where the plaintiff is failing to prosecute his case. Rather, Plaintiff has been actively involved in pursuing his claims, has settled his claims against several of the Defendants, and he appears to be prosecuting his claims as best he can given his *pro se* status. Thus, the pending motions do not warrant denial of Plaintiff's request.

Plaintiff's pursuit of his claims thus far also refutes Defendants' suggestion that Plaintiff unduly delayed in seeking leave to file a Second Amended Complaint. Again, Plaintiff is proceeding *pro se* in this case, and he is pursuing complicated statutory and common law claims against numerous individuals and entities, including public entities, and the record reflects, at a minimum, his attempts to be diligent in pursuing these claims. Therefore, the Court disagrees with Defendants that Plaintiff unduly delayed in presenting the current request for leave to amend.

Finally, the County Defendants argue Plaintiff's proposed amendments would be futile. Although this is a factor for the Court to consider, it is difficult to conduct a complete assessment of futility because Plaintiff failed to provide the Court with a proposed Second Amended Complaint. In the motion, however, Plaintiff asserts he seeks leave to amend to add a newly identified defendant, to delete those Defendants with whom he has reached settlements, and to adjust his theory of liability. On their face, none of these proposed amendments would be futile. Accordingly, this factor does not weigh in favor of denial of Plaintiff's request.

### III.

### CONCLUSION

Given the policy in favor of amendment, Plaintiff's *pro se* status, and the facts of this case, the Court grants Plaintiff's motion for leave to file a Second Amended Complaint. The Second Amended Complaint shall be filed on or before April 27, 2012. The Court notes this will be Plaintiff's second opportunity to amend his pleadings, and urges Plaintiff to be as clear and complete as possible in drafting his Second Amended Complaint. As Defendants point out, this case has been pending for nearly one year, and the pleadings must be settled quickly so the case can proceed through litigation. / / /

1    In light of this ruling, the pending motions to dismiss filed by Defendants City of El Centro, Dr. Gunda,

2    Alex Calderon and Carmen Velasquez are denied as moot.

3        **IT IS SO ORDERED**.

4    DATED:  April 19, 2012

5    _____

6                        HON. DANA M. SABRAW
                         United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28