UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK J. BLOODWORTH,<br><br>                     Plaintiff,<br><br>  vs.<br><br>Jose Rocamorra, M.D., et al.<br><br>                     Defendants. | CASE NO. 11cv1440-GPC-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>[DKT. NOS. 136, 141] |

Before the Court are two motions to dismiss this action pursuant to Fed. R. Civ. P. Rule 41(b) due to Plaintiff's failure to prosecute. For the reasons below, the Court hereby **GRANTS** Defendants' motions, and **DISMISSES** this action without prejudice.

## BACKGROUND

Plaintiff, proceeding pro se, filed the original complaint on June 30, 2011 alleging that the Defendants delayed and denied provision of certain medical care and treatment, specifically surgery for implantation of an automatic defibrillator, because of Plaintiff's status as a pretrial detainee. ECF No.1. On November 22, Defendant El Centro Regional Hospital filed a motion to dismiss Plaintiff's complaint for lack of jurisdiction. ECF No. 5. Defendants Narayana Gunda, M.D., Pioneers Memorial Hospital, and Chief Medical Officer Romero also filed separate motions to dismiss or strike portions of Plaintiff's complaint. ECF Nos. 6, 7, 9, 19.

1  On December 12, 2011, Plaintiff filed a motion for leave to file a first amended
2  complaint. ECF No. 20. On December 21, 2011, the Court granted Plaintiff leave
3  to file a first amended complaint and ordered Plaintiff to file the amended complaint
4  on or before January 13, 2012. ECF No. 21. On January 10, 2012, Plaintiff filed a
5  motion for enlargement of time to submit the first amended complaint, which the
6  Court granted until March 13, 2013. ECF Nos. 31, 32. On January 17, 2012,
7  Plaintiff filed a first amended complaint. ECF No. 40. On January 19, 2012, the
8  Court issued an order denying as moot Defendants motions to dismiss Plaintiff's
9  original complaint. ECF No. 41. Subsequently, Defendants filed several motions to
10 dismiss or strike portions of Plaintiff's first amended complaint. ECF Nos. 42, 43,
11 44, 45, 46, 48, 51, 60, 61, 91.  On March 23, 2012, the Court issued an order noting
12 that Plaintiff had failed to respond to Defendants City of El Centro and Narayana
13 Gunda, M.D.'s motions to strike and motions to dismiss. ECF No. 96. As the time
14 had expired to file a response, the Court found the matters suitable for decision
15 without oral argument. Id. Also on March 23, 2012, Plaintiff filed a motion
16 requesting leave to file a second amended complaint. ECF No. 99. On April 19,
17 2012, the Court granted Plaintiff's motion to file a second amended complaint, and
18 ordered Plaintiff to file the second amended complaint on or before April 27, 2012.
19 ECF No. 109. In light of this ruling, the Court dismissed as moot Defendants
20 motions to strike portions or dismiss Plaintiff's first amended complaint. Id.  On
21 April 30, 2012, Plaintiff filed a motion for enlargement of time to submit the second
22 amended complaint and on May 25, 2012 filed another motion for extension of
23 time. ECF Nos. 113, 115, 119. On June 11, 2012, the Court granted Plaintiff's
24 motion to enlarge time and ordered Plaintiff to file his second amended complaint
25 on or before June 22, 2012. ECF No. 126. On June 28, Plaintiff filed a motion to
26 appoint counsel and a motion for extension of time to file a second amended
27 complaint. ECF No. 130. On October 4, 2012, the Court overruled Plaintiff's
28 objection to the Magistrate's order denying appointment of counsel, and ordered

Plaintiff to file his second amended complaint on or before October 15, 2012. ECF No. 134.

On October 12, 2012, this case was transferred to the undersigned judge. ECF No. 135. Plaintiff failed to file his second amended complaint on or before October 15, 2012 as ordered by the Court. On October 19, 2012, Defendant Narayan Gunda, M.D. filed a motion to dismiss for lack of prosecution, and Defendant Carmen Velazquez joined the motion. ECF Nos. 136, 139. On October 29, 2012, Defendants City of El Centro dba El Centro Regional Medical Center; and Ben Solomon, Charles Humphrey, M.D., Efrain Silva, Debra Driskill, Bill Roche, George Hancock, M.D., and Alex Calderon filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b). ECF No. 141. To date, Plaintiff has not filed his second amended complaint nor has he submitted another motion for an extension of time.

**DISCUSSION**

Defendants seek dismissal of the action due to Plaintiff's failure to comply with three Court-imposed filing deadlines to file a second amended complaint, thereby failing to diligently prosecute this action and depriving Defendants an opportunity to respond. Pursuant to Fed. R. Civ. P. 41(b), a defendant may move for dismissal of an action:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 109 – operates as an adjudication on the merits.

Additionally, a Court's authority to dismiss *sua sponte* for lack of prosecution is an inherent power, governed not by rule or statute but by control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases. Link v. Wabash R. Co., 370 U.S. 626 (1962). As such, a District Court "may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before

acting." Id. at 633.

The Court has granted Plaintiff three extensions of time to file his second amended complaint. Plaintiff had nearly six months to abide by the Court ordered extensions to file his second amended complaint, from April 27 until October 15, 2012. In his motion dated April 30, 2012, Plaintiff pled for an extension of time due to "certain health issues and challenges at this time...on some days, Plaintiff's health and ability to focus is impaired...Plaintiff needs just a little more time to accomplish tasks that a healthy person could do in a normal time-frame." ECF No. 113 at 2. The Court granted this motion, and subsequently granted an additional extension of time until October 15, 2012. Nearly one year has passed since the order granting Plaintiff's motion to file a second amended complaint. As a result of Plaintiff's failure respond to the deadlines, there is no operative complaint on file. Defendants have twice been denied an opportunity to seek a disposition of this case upon the merits to provide Plaintiff an opportunity to amend the operative complaint. Plaintiff failed to appear before the Court at the scheduled hearing on the motions to dismiss, held on Friday, April 5, 2013. As such, the Court finds that Plaintiff's failure to abide by the court ordered deadlines to file a second amended complaint, and Plaintiff's failure to appear before the Court to offer any reason for such violation, has resulted in a failure to prosecute this claim. Accordingly, the Court dismisses the action pursuant to Fed. R. Civ. P. Rule 41(b).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motions to dismiss and **DISMISSES WITHOUT PREJUDICE** the entire action. The Clerk of Court Shall Enter Judgment Accordingly.

**IT IS SO ORDERED.**

DATED: April 9, 2013

HON. GONZALO P. CURIEL
United States District Judge